People v Knowles (2022 NY Slip Op 07169)

People v Knowles

2022 NY Slip Op 07169

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Renwick, J.P., Scarpulla, Shulman, Higgitt, JJ. 

Ind. No. 3197/16 Appeal No. 16913 Case No. 2020-01034 

[*1]The People of the State of New York, Respondent,
v
Tyrone Knowles, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (V. Marika Meis of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Shane Magnetti of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Ethan Greenberg, J. at motion for Frye hearing; Judith Lieb, J. at jury trial and sentencing), rendered December 20, 2019, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him to a term of 3½ years, unanimously affirmed.
Although the People failed to disclose a statement written by the arresting officer in support of an internal request for recognition until after the jury began deliberating, defendant's Rosario and Brady claims do not warrant reversal because defendant was not "substantially prejudiced" by the nondisclosure (People v Banch, 80 NY2d 610, 617 [1992]), and "there is no reasonable possibility that the People's failure to disclose the witness statement at issue undermined the fairness of defendant's trial or impacted the verdict" (People v McGhee, 36 NY3d 1063, 1065 [2021]). The written statement noted that the incident began when police officers saw defendant standing outside an illegally parked car, but omitted certain observations, to which the arresting officer testified at trial, that had caused him to believe that defendant was engaging in a drug transaction with the person in the driver's seat. The trial court conducted a reopened suppression hearing after trial, at which the officer explained that he omitted that information because he did not consider it relevant to the request for recognition based on his seizure of a pistol from defendant. Although defendant's suppression claims are not at issue on appeal, the testimony at the posttrial hearing tends to illuminate the harmlessness of the nondisclosure. Moreover, had counsel been able to make timely use of the recognition request in an effort to show that the drug-related observations were fabrications, counsel could have risked opening the door to suppressed evidence of drugs recovered from defendant. Any other inconsistencies between the officer's testimony and the document were trivial. We have considered and rejected defendant's remaining arguments as to the belated disclosure.
As the People concede, the motion court should have conducted a Frye hearing on the forensic statistic tool used to perform DNA analysis regarding the pistol (see People v Williams, 35 NY3d 24 [2020]). However, we find that the error was harmless (see id. at 42-43; People v Crimmins, 36 NY2d 230 [1975]). Notwithstanding
defendant's efforts to impeach police testimony, the non-DNA evidence was overwhelming and there is no reasonable probability that the jury would have accepted defendant's implausible defense even if the DNA evidence had been excluded.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022